# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD'S GOLD & DIAMONDS, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO |
| | § | |
| ITALIAN JEWELRY, INC. | § | |
| | § | |
| and | § | |
| | § | |
| MARIA DEL CARMEN HERNANDEZ | § | |
| | § | |
| Defendants | § | |

## COMPLAINT

Plaintiff, WORLD'S GOLD & DIAMONDS, INC. ("WGDI") alleges as follows:

1.      This is a diversity case arising out of the business dealings between WGDI and Defendants, ITALIAN JEWELRY, INC. ("IJI") and MARIA DEL CARMEN HERNANDEZ ("Hernandez") (sometimes referred to hereinafter collectively as "the Defendants").  The legal theories of recovery are suit on sworn account, breach of contract, unjust enrichment, fraud and theft by check. WGDI seeks monetary damages as relief for the Defendants' breach.

**I.**

## JURISDICTION AND VENUE

2.    Jurisdiction is based on 28 U.S.C. §1332, diversity of citizenship with the amount in controversy in excess of $75,000.00.

3.    Venue in the Southern District of Texas is proper under 28 U.S.C. § 1391 and has been agreed to by the parties involved through written contract.

## II.
## PLAINTIFF

4.    WGDI is , is a corporation duly licensed and operating under the laws of this State with a principal place of business located in Houston, Harris County, Texas.

## III.
## DEFENDANTS

5.    Defendant, Maria Del Carmen Hernandez, is an individual and the guarantor of the debts of Italian Jewelry, Inc. She may be served with process at the principal place of business, 36 N.E. 1st Street, Ste 120, Miami, FL 33132. In the alternative, she may be served at her residence, 13910 SW 36th St., Miami, FL 33132.

6.     Italian Jewelry, Inc. is a corporation duly licensed and operating under the laws of the State of Florida. It may be served by serving its registered agent, Maria Del Carmen Hernandez, at the address listed with the Florida Secretary of State, 36 N.E. 1st Street, Ste 120, Miami, FL 33132. In the alternative, it may be served

at the  registered agent's residence, 13910 SW 36th St., Miami, FL 33132.

## IV.

## APPLICATION OF TEXAS LAW - ERIE DOCTRINE

7.     In a Federal Diversity case, the federal courts shall apply the laws of the

state in which they sit.  *Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct 1464, 89*

*L. Ed. 2079 (1945)*.

8.     Texas law will be applicable to the counts addressed in this Complaint.

## V.

## FACTS

9.     On or about October 10, 2010, the Defendants signed a credit agreement

(the "Agreement") with WGDI  in order to purchase jewelry merchandise.  In the

Agreement, Hernandez unconditionally and irrevocably guaranteed payment of all

obligations incurred by IJI, including all renewals, extensions or additions

together with the imposition of interest, attorney's fees and court costs, even

without the institution at suit.  The guarantee is continuing and applies to any and

all purchases made by the IJI.  The Defendants further agreed that in the event the

account is placed with an attorney or agency for collection, they would pay

reasonable attorney's fees, costs of collection and consented to jurisdiction and

venue in Harris County, Texas. A true copy of the Agreement is attached as

Exhibit "A".

10.     During the course of dealing, IJI placed orders with WGDI totaling $3,959,360.13, received the merchandise ordered, but has failed and refused to pay the remaining principal balance of $131,542.68

11.     IJI has tendered NSF checks to WGDI in the amount of $96,600.00.

## VI.
## COUNT I-Breach of Contract for Principal Balance

12.     WGDI provided jewelry merchandise to IJI.  IJI has failed to pay for the merchandise it ordered and received.  The principal balance owed is $131,682.68, including NSF check charges, as of January 31, 2025. A true  copy of the account ledger is attached as Exhibit "B".

13.     Accordingly, WGDI is entitled to recover the principal balance in the amount of $131,682.68 from the Defendants.

## VII.
## COUNT II-Breach of Contract for Interest

14.     Pursuant to the Agreement, IJI and Hernandez agreed to an interest rate of 1.5% per month to be applied to all unpaid balances.  As authorized by contract, interest in the amount of $99,018.25 has accrued through of January 31, 2025. Interest continues to accrue at the rate of $64.93 per day.

15.     Accordingly, WGDI is entitled to recover pre-judgment interest in the amount of at least $99,018.25.

## VIII.
## COUNT III-Attorney's Fees

16.     WGDI has made written demand upon the Defendants for payment more than thirty (30) days prior to filing of its Complaint and the Plaintiff's would show that the Defendants' failure to pay has resulted in the indebtedness to be placed in the hands of the undersigned for collection.

17.     Accordingly, WGDI is entitled to recover both contractual and statutory attorney's fees from the Defendants in the amount of at least $10,000.00, pursuant to applicable Texas statute and the Agreement.

## IX.
## COUNT IV-Unjust Enrichment

18.     WGDI is entitled to recover from the Defendants the reasonable value of the goods tendered to IJI.  IJI and Hernandez have been enriched by the goods tendered as a result of the efforts of WGDI. It would be unjust for IJI and Hernandez to be so enriched without reasonable compensation to WGDI.

19.     Accordingly, WGDI is entitled to recover the principal sum of $131,682.68, plus accrued interest from The Defendants to prevent their unjust enrichment.

## X.
## COUNT V. Quantum Meruit

20.     WGDI is entitled to recover from the Defendants the reasonable value of the

goods tendered to them.  IJI and Hernandez have been enriched by the goods tendered to them as a result of the efforts of WGDI. WGDI alleges that IJI and Hernandez knowingly enjoyed the benefits and, by implication, agreed and became bound to pay for any charges or debt created or authorized by IJI.  IJI and Hernandez's unlawful retention of said sums has unjustly enriched them to WGDI's detriment.

21.     Therefore, WGDI is entitled to recover the principal sum of $131,682.68, plus accrued interest from the Defendants.

## XI.
## COUNT VI. Fraud

22.     IJI and Hernandez made representations to WGDI concerning the intent to pay as promised for the goods and materials in question with the intent being to induce the WGDI into a transaction it otherwise would not have entered into without further information and actions.  the Defendants' representations were known by them to be false when made or made recklessly without knowledge of the truth and were made as positive assertions.  In connection with the discussions between WGDI and Hernandez, Hernandez directly and indirectly made material misrepresentations to or failed to disclose material facts concerning the above-mentioned facts and possibly others as well.

23.     The Defendants intended that WGDI rely on such representations to its

detriment and injury upon false statements and impressions of fact being made, and on the presumption that no material facts to the contrary existed. WGDI relied to its detriment upon the false statements and impressions of fact purposely created by the Defendants. As a result of the Defendants' fraudulent statements, concealment and failure to disclose, WGDI has been damaged in an amount within the jurisdictional limits of this court.

## XII.
## COUNT VII. Conversion

24.    The Defendants' wrongful dominion and control and appropriation for his own use and benefit of the jewelry or the proceeds from the sale thereof constitutes conversion under the laws of the State of Texas.

25.    Therefore, the Defendants are liable to WGDI in the amount of at least $131,542.68

## XIII.
## COUNT VIII - Guaranty

26.    Pursuant to his guaranty Hernandez is liable to WGDI In the sum of $131,542.68 plus interest and applicable legal fees provided by the Agreement.

## XIV. THEFT BY CHECK

27.    WGDI further alleges liability under the Texas Theft Liability Act CPRC § 134.004 et. seq, and incorporates the statute herein by this reference. The Defendants' conduct rises to the level of criminal theft, which has caused WGDI

actual damages for which it seeks compensation.  WGDI seeks all statutory damages to which it is entitled, in addition to all punitive damages for such intentional and malicious conduct, in the maximum amount allowed by law.

XV.
PRAYER FOR RELIEF

WHEREFORE, Plaintiff, A. V. Diamonds, Inc., respectfully prays for judgment as follows:

a.    Grant judgment in Plaintiff's favor against the Defendants, jointly and severally, in the principal amount of $131,682.68; and,

b.    Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for prejudgment interest at the contractual rate of eighteen (18%) percent per annum on said sum, commencing thirty days after the sum was due and payable, until the date of judgment as permitted by Texas Finance Code §301.001; and

c.    Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for attorney's fees in the amount of at least $10,000.00 as permitted by contract; and,

d.    Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for those additional penalties permitted by the Texas Theft Liability Act; and

e.    In the alternative, award punitive damages; and,

f.     Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for post-judgment interest on all the above sums at the highest amount permitted by law; and

g.    Grant such other and further relief, both at law and in equity, that the Court deems just and proper.

Respectfully submitted,


/Robert J. Mackay/
Robert J. Mackay
TXBN 12761400
FAN 13727
3207 Space Center Blvd.
Pasadena, Texas  77505-2539
(713) 899-6279 Tel.
rjm@mackaylawfirm.com

ATTORNEY FOR PLAINTIFF
WORLD'S GOLD AND DIAMONDS, INC.